# GEOFFREY S. STEWART
ATTORNEY AT LAW

350 BROADWAY
SUITE7300
NEW YORK, NY 10013
(212) 625-9696
fax (212) 625-3939
gstewart.defender@verizon.net

February 26, 2009

Honorable Joanna Seybert
United States District Court
Eastern District of New York
1034 Federal Plaza
Central Islip, New York  11722

Re: <u>United States v, Carl Pollard, 05CR16 (JS)</u>

Dear Judge Seybert:

Mr. Carl Pollard is scheduled for sentencing before Your Honor tomorrow February 27, 2009 at 3 pm.  I am submitting this brief letter-memorandum pursuant to Rule 32 of the Federal Rules of Criminal Procedure to inform the court of matters which will be raised at Mr. Pollard's sentencing. These matters bear directly on the court's statutory duty under 18 USC 3553(a) and the U.S. Sentencing Guidelines which address the imposition of sentence.

Mr. Pollard appears before you for sentence following his guilty pleas to counts Five and Twenty Two of the indictment which charged him with Robbery and Brandishing a Firearm During a Crime of Violence.  The statutory term of imprisonment for the Robbery count is 0 to 20 years, while the Firearm count carries a 7 year minimum consecutive sentence.  The stipulated guideline range pursuant to the plea agreement is 135 to 147 months incarceration. See p.4 plea agreement.

Mr. Pollard has been in custody since March 22, 2005.  Mr. Pollard is a named participant in only three robberies named in the Indictment: The telephone Card Salesman Robbery, Concord Jewelers and Jason's Jewelers. He is not alleged to have been an organizer of any of the robberies.

The vast majority of the defendants in this case have already been sentenced, many by Your Honor.  The court has the advantage of knowing all of the particular differences in each defendant's case: their level of involvement in the crimes charged, their criminal histories, their cooperation with authorities and their prospects for rehabilitation. I ask that the court be mindful of 18 USC 3553(a)'s concern about avoiding unwarranted disparity among similarly situated defendants.  As to critical factors to be considered I believe Mr. Pollard merits a sentence outside

the guidelines, as others have received, because he was not a leader or organizer, nor did he personally inflict violence on any individuals during the crimes charged.

Furthermore, Mr. Pollard did provide the government with useful, if not substantial cooperation in their ongoing investigation and prosecution of this group.  Mr. Pollard as one of the last defendants to be sentenced, was a valuable resource for the government during the prosecution of codefendants, as well as providing information about other illegal activities about which the government may have been unaware.  While not rising to the level of substantial assistance under USSG 5K, nonetheless, it is an important factor for the court to consider, not merely for the help he tendered the government, but for the conscious break in Mr. Pollard's mind of any lingering loyalty or friendships to former criminal colleagues.  He has put that life behind him in many ways.

The court has the recommendation letters written by Mr. Pollard's friends and family as proof of his good character, intelligence and receptiveness to rehabilitation. The Presentence Report also details the great potential Mr. Pollard has due to his acceptance of responsibility and his track record of work and education and the presence of a loving and supportive family.  To the extent that it is difficult to understand how a promising young man could engage in such conduct.  Obviously, Mr. Pollard made poor choices about the people with whom he associated.  Perhaps not as obvious is that his decisions have been influenced by his use of illegal substances throughout his youth and young adulthood.  The Carl Pollard of today is a much more cognizant active participant in his own life and is dedicated to moving in a positive direction from here.

Thank you for you consideration of these matters.

Respectfully submitted,


Geoffrey S. Stewart


cc:     Lara Gatz
        Assistant U.S. Attorney

Electronically  Filed